UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALDEN SHOE COMPANY, INC., ) | |
| ) | 05-10362 DPW |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| SHOES BY JOSEPH SCORSONE, INC., d/b/a ) | RECEIPT # 62321 |
| JOSEPH'S SHOES, ) | AMOUNT $ 350.00 |
| ) | SUMMONS ISSUED ✓ |
| Defendant. ) | LOCAL RULE 4.1 ✓ |
| ) | WAIVER FORM — |
| | MCF ISSUED — |
| | BY DPTY. CLK. M.P. |
| | DATE 2/24/05 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiff Alden Shoe Company, Inc. ("Alden") brings this civil action against defendant Shoes By Joseph Scorsone, Inc., d/b/a Joseph's Shoes ("Joseph's Shoes" or "defendant"), for trademark infringement under § 32 of the Lanham Act (15 U.S.C. § 1114(1)), unfair competition under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)), and common law unfair competition. The claims arise from defendant's intentional infringement of Alden's registered trademark through both defendant's Internet advertising and its unlawful use of website metatags, with the aim and ultimate consequence of siphoning business opportunities, customers, and related goodwill from Alden. Defendant's deliberate infringement and misuse of Alden's trademark has resulted in a likelihood of consumer confusion that allows Joseph's Shoes to unfairly compete with Alden, causing significant and continuing damages.

### PARTIES

2. Alden is a family-owned company organized and existing under the laws of Massachusetts, with a principal place of business at One Taunton Street, Middleborough,

Massachusetts. Alden has manufactured and distributed high-quality shoes in Massachusetts since 1884.

3. Upon information and belief, Joseph's Shoes is a corporation organized and existing under the laws of Pennsylvania with a principal place of business at 32 South 18th Street, Philadelphia, Pennsylvania. Upon information and belief, Joseph's Shoes maintains both a retail store and an Internet website (www.josephshoes.com) that targets a nationwide customer base.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

5. Joseph's Shoes has committed, and continues to commit, acts that violate federal trademark law through the Internet. Joseph's Shoes directed these acts at Alden with the purpose and effect of harming Alden, which is a Massachusetts corporation with a principal place of business in Massachusetts.

## BACKGROUND FACTS

6. Alden is a family-owned company that has been manufacturing high quality shoes in Massachusetts since 1884. Alden has prospered in the extremely competitive shoe business by making men's dress shoes of exceptional quality and by excelling in specialties such as orthopedic and medical footwear. Over the past 120 years, Alden has earned a well-established reputation in the marketplace for premier quality, innovation, and style in men's footwear. It has invested a substantial amount of time, money and effort in creating market awareness for its unique and exclusive products. As a result of Alden's efforts, its footwear and associated trademarks enjoy tremendous market acceptance and recognition both regionally and nationally.

2

7. The Alden trademark has become synonymous with high-end footwear in New England and beyond. And the trademark itself is distinctive. It consists of the word "Alden" in large font above the words "of New England" in smaller font, and above these words sits a golden crest with the date of Alden's founding in 1884. Alden registered this trademark with the United States Office of Patent and Trademarks in 1991, but the trademark itself has been in continuous use by Alden since the beginning of the century.

8. As with most high-end shoe manufacturers, Alden does not typically sell its shoes directly to the consumer. Instead, Alden enters into exclusive distribution agreements with fine men's shoe stores that sell high-quality shoes and employ well-trained staff members who can assist the consumer in selecting the appropriate shoes. The purpose of this business model is to ensure that customers receive the proper attention and are completely satisfied with the Alden product that they purchase, thereby engendering continued customer goodwill.

9. Although Joseph's Shoes was at one time an authorized retailer of Alden shoes, Alden terminated its distribution agreement with Joseph Shoes in 2001 after the defendant failed to pay a number of Alden's invoices and otherwise demonstrated that it was not qualified to be an authorized Alden retailer. Thereafter, Alden stopped sending its products to the defendant.

10. Despite Alden's termination of the parties' business relationship and its decision to stop supplying shoes to the defendant, Joseph's Shoes continues to hold itself out to the public as an authorized retailer of Alden's products. Indeed, the defendant's website (www.josephshoes.com) prominently features Alden's registered trademark, contains professional photographs of Alden shoes, and otherwise misleadingly suggests that Joseph's Shoes is an authorized retailer of Alden's products.

11. Alden first became aware that Joseph's Shoes was continuing to hold itself out to the public as an authorized retailer of Alden's products in late 2003. From that time forward, Alden attempted to resolve this dispute amicably by requesting in writing on multiple occasions that Joseph's Shoes discontinue its unlawful practices, but the defendant ignored Alden's requests.

12. Because Alden stopped shipping its products to Joseph's Shoes in 2001, it is unclear whether Joseph's Shoes has any Alden shoes remaining in its inventory. Nevertheless, Joseph's Shoes purports to offer Alden shoes at discounted prices on its website. Upon information and belief, Joseph's Shoes is advertising discounted prices for Alden shoes solely to harass and harm Alden and authorized retailers of Alden shoes, causing them to lower their prices on Alden shoes to match the price that Joseph's Shoes claims to offer. It has also been made known to Alden that Joseph's Shoes is misinforming consumers that Alden is going out of business. Alden is assuredly not going out of business.

13. In addition, Alden has recently discovered that Joseph's Shoes has embedded Alden's trade name in its website metatags so that potential shoe consumers who type the name "Alden Shoe(s)" into an Internet search engine will be directed to the defendant's website, even though Joseph's Shoes is not an authorized Alden retailer.

14. The defendant's use of Alden's trade name in its website metatags amounts to a blatant attempt to profit from Alden's reputation and goodwill. Consumers searching for Alden shoes on the Internet are being misdirected to Joseph's Shoes, which is not an authorized retailer of Alden's products and may not even have any Alden shoes in its inventory. Upon information and belief, Joseph's Shoes is unlawfully using Alden's trade name and trademark to attract customers in a classic "bait and switch" maneuver.

15. The defendant's intentional actions – through its business practice, web design, and pricing – have interfered with the business relationship between Alden, its authorized dealers, and its customers. The defendant's actions have caused confusion in the marketplace and have harmed Alden by improperly creating the impression that Alden is associated with Joseph's Shoes, which it is not.

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114(1))

16. Alden repeats and realleges the allegations contained in paragraphs 1 through 15 as if set forth fully herein.

17. Defendant's intentional and unauthorized infringement of Alden's distinctive trademark is likely to cause and, upon information and belief has caused, confusion, mistake, or deception among the consuming public as to the defendant's relationship with Alden.

18. Defendant's continued unauthorized use of the inherently distinctive trademark of Alden is and has been done with full knowledge of Alden's prior and exclusive rights in that trademark. Accordingly, defendant's actions constitute willful infringement of Alden's trademark under § 32 of the Lanham Act, 15 U.S.C. § 1114(1).

19. Alden's rights in its trademark, and the goodwill and reputation it has developed under its mark over 120 years of producing consistently high quality footwear, are of enormous value. Thus, Alden has been and will continue to be irreparably harmed unless Joseph's Shoes' infringing activity is immediately enjoined. Alden has no adequate remedy at law.

20. Alden is further entitled to recover from Joseph's Shoes the damages, including attorney's fees and costs, that it has sustained and will sustain, and any gains, profits, and advantages obtained by Joseph's Shoes as a result of the acts of infringement alleged herein. At

present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Alden.

## COUNT II
### (Unfair Competition in Violation of 15 U.S.C. § 1125)

21. Alden repeats and realleges the allegations contained in paragraphs 1 through 20 as if set forth fully herein.

22. The defendant's unlawful use of Alden's trademark on its website and its use of Alden's trade name in its website metadata are part of defendant's campaign to siphon customers away from Alden and authorized Alden retailers. This constitutes a willful effort on the part of the defendant to unfairly compete with Alden in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

23. Defendant's wrongful and unauthorized use of Alden's registered trademark is likely to cause consumer confusion and deceive the consuming public into believing that Alden has granted the defendant permission to use Alden's mark in its commercial efforts. Alden has no adequate remedy at law for the loss of goodwill resulting from the defendant's activities.

24. Alden is further entitled to recover from Joseph's Shoes the damages, including attorney's fees and costs, that it has sustained and will sustain, and any gains, profits, and advantages obtained by Joseph's Shoes as a result of the acts of infringement alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Alden.

## COUNT III
### (Common Law Unfair Competition)

25. Alden repeats and realleges the allegations contained in paragraphs 1 through 24 as if set forth fully herein.

26. The defendant's knowing and unlawful use of Alden's trademark on its website, and its use of Alden's trade name in its website metadata, constitute infringement and misappropriation and, as such, are actionable under the common law of unfair competition.

27. Alden is entitled to recover from Joseph's Shoes the damages, including attorney's fees and all costs, that it has sustained and will sustain, and any gains, profits, and advantages obtained by Joseph's Shoes as a result of the acts of unfair competition herein alleged. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Alden.

**WHEREFORE**, Alden respectfully prays for a judgment in its favor and against defendant Joseph's Shoes on all Counts herein, and an entry of an Order:

a) Declaring that defendant Joseph's Shoes willfully and knowingly infringed Alden's trademark and unfairly competed with Alden;

b) Granting preliminary injunctive relief, enjoining Joseph's Shoes and any of its directors, employees, or agents from using Alden's trademark, from using Alden's trade name in its website metadata, from otherwise holding itself out as an authorized dealer of Alden shoes, and from falsely representing that it carries Alden shoes;

c) Awarding Alden the actual damages it has suffered as a result of defendant's willful violation of §§ 32 and 43(a) of the Lanham Act, together with all attorneys' fees and costs;

d) Awarding Alden multiple damages under the Lanham Act for defendant's willful and knowing misconduct; and

e) Awarding Alden its costs and disbursements in this action, including prejudgment and post-judgment interest on all monetary awards, and such other relief as this Court may deem just and appropriate.

### JURY DEMAND

Alden respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

**ALDEN SHOE COMPANY, INC.**

By its attorneys,

_/s/ Matthew C. Hurley_
William M. Hill, BBO # 546160
Matthew C. Hurley, BBO # 643638
Philip J. Catanzano, BBO # 654873
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: February 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ALDEN SHOE COMPANY, INC., Plaintiff, v. SHOES BY JOSEPH SCORSONE, INC. d/b/a JOSEPH'S SHOES

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-10362 DPW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   N/A
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Philip J. Catanzano, BBO No.654873
ADDRESS Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111
TELEPHONE NO. 617-542-6000

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alden Shoe Company, Inc.

**DEFENDANTS**
Shoes by Joseph Scorsone, Inc., d/b/a Joseph's Shoes

**(b)** County of Residence of First Listed Plaintiff  Plymouth, Massachusetts
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia, Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William Hill, Matthew Hurley; Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, One Financial Center, Boston, MA. 02111 (617-542-6000)

Attorneys (If Known)  05 10362 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1114 and 1125 (Lanham Act)
Brief description of cause:
Trademark Infringement & Unfair Competition: infringement through wrongful internet advertising and other.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 02/24/2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew C. Hurley

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____